# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

CHARLES IBIDA,

   Plaintiff,

v.

SHOPPERS FOOD WAREHOUSE INC.

   Defendant.

Civil Case No. SAG-12-1490

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

This Memorandum addresses Plaintiff Charles Ibida's Motion for Leave to File an Amended Complaint. [ECF No. 39]. I have reviewed Mr. Ibida's motion as well as Defendant Shoppers Food Warehouse Inc.'s ("Shoppers") opposition. [ECF Nos. 39 and 40]. I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). For the reasons stated herein, Mr. Ibida's motion is DENIED.

Mr. Ibida's complaint was initially filed *pro se* in the Circuit Court for Prince George's County, but was removed to this Court by Shoppers pursuant to 28 U.S.C. § 1441(a). [ECF No. 39]. Mr. Ibida's claims arise from a confrontation between himself and Vickie Garland, an employee and representative of the Shoppers store located in Prince George's County. Pl. Compl. ¶ 2. The original complaint sets forth general claims of defamation and unlawful detention, alleging that Ms. Garland falsely accused Mr. Ibida of shoplifting, conducted an unauthorized search of his belongings, and "humiliated, abused, and embarrassed" him in front of other customers. Pl. Compl. ¶ 3-7. The original complaint does not specify that Mr. Ibida seeks punitive damages. Conversely, the proposed amended pleading, which was prepared by

Mr. Ibida's subsequently retained counsel, is succinctly comprised of one count for false imprisonment and a second count for battery, and it specifically outlines the events of Mr. Ibida's and Ms. Garland's interaction using very detailed language. Pl. Mot., Ex. 1, at ¶ 5-14. The proposed amended complaint asks for punitive damages in addition to compensatory remuneration. *Id.* at 4.

Rules 15(a) and 16(b) of the Federal Rules of Civil Procedure apply here. Rule 15(a) governs amendments to pleadings generally, and provides that "leave to amend [a complaint] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). In *Foman v. Davis*, the U.S. Supreme Court interpreted the 15(a)(2) standard liberally, holding that "in the absence of any apparent reason, such as undue delay, bad faith, dilatory motive, or undue prejudice to the opposing party by virtue of allowance of the amendment, the leave sought should, as the rules require, be 'freely given.'" 371 U.S. 178, 182 (1962). Rule 16(b)(4) governs amendments to scheduling orders. In contrast to Rule 15, Rule 16 sets forth a more stringent standard that only allows a scheduling order to be modified "for good cause." Fed. R. Civ. P. 16(b)(4). Therefore, where, as in the instant case, a plaintiff's motion implicates both Rule 15 (in asking for leave to amend the pleadings) and Rule 16 (where the scheduling order will have to be modified to permit the amendment), courts must determine if a movant must meet both standards.

This Court and the Fourth Circuit's jurisprudence demonstrates an overall preference for requiring movants to meet both Rule 15 and Rule 16 standards. In *Nourison Rug Corp. v. Parvizian*, the Fourth Circuit held that, because district courts "require the effective case management tools provided by Rule 16," when a motion to amend a pleading is made after the scheduling order's deadlines have passed, courts must determine that Rule 16's good cause requirement is satisfied. 525 F.3d 295, 298 (4th Cir. 2008); *see Montgomery v. Anne Arundel*

2

*Cnty., Md.*, 182 Fed. App'x 156, 162 (4th Cir. 2006) ("Because [plaintiff] Montgomery filed her motion to amend the complaint after the deadline set by the scheduling order, Federal Rule of Civil Procedure 16(b) applies."); *Pilger v. D.M. Bowman, Inc.*, Civil No. WDQ-10-0597, 2011 WL 2579822, at *1 (D. Md. June 24, 2011). This Court follows a "two step analysis" in considering the application of both Rules 15 and 16, and has held that "a moving party first must satisfy the good cause standard of Rule 16(b)." *Rassoull v. Maximus, Inc.*, 209 F.R.D. 372, 373 (D. Md. 2002). Courts will not examine whether a party has satisfied Rule 15(a)'s test for amending the complaint if he fails to first satisfy Rule 16(b). *Id.*

This Court has held that the Rule 16(b) analysis is "less concerned with the substance of the proposed amendment," and focuses instead on an amendment's timeliness and the "reasons for its late submission." *Odyssey Travel Ctr., Inc. v. RO Cruises, Inc.*, 262 F. Supp. 2d 618, 631-32 (D. Md. 2003) (quoting *Rassoull v. Maximus, Inc.*, 209 F.R.D. 373-74 (D. Md. 2002)). Under Rule 16(b), a movant must show that he diligently attempted to avoid the need to violate the scheduling order, but that, for good reason, he was unable to meet the scheduling order's demands. *Rassoull*, 209 F.R.D. at 373-74. For instance, the Fourth Circuit has held that "good cause" is demonstrated where "at least some of the evidence necessary for a plaintiff to prove his claim did not come to light until after the amendment deadline." *Tawwaab v. Va. Linen Serv., Inc.*, 729 F. Supp. 2d 757, 768 (D. Md. 2010).

In the present matter, Mr. Ibida has given the Court no excuse at all for the modification of the scheduling order that would be required if his motion was granted. In its opposition, Shoppers states that Mr. Ibida points to an undocumented illness as his reason for failing to file his motion to amend the pleadings prior to the November 26 deadline. There is nothing in Mr. Ibida's own motion, however, that indicates illness as the cause of his failure to file his motion in

a timely manner. Mr. Ibida's motion simply does not address Rule 16(b) and its good cause requirement at all. Because Mr. Ibida has not provided any cause for the Court to consider in a Rule 16 analysis, the Court cannot grant Mr. Ibida's motion. *See Rassoull*, 209 F.R.D. at 374.

For the reasons stated herein, Plaintiff's Motion [ECF No. 39] is DENIED. A separate Order follows.


Dated: June 5, 2013
/s/
Stephanie A. Gallagher
United States Magistrate Judge